UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph Bonanno and Peter J. Bonanno; | ) | C/A No.  6:08-01010-MBS-WMC |
| | ) | |
| Spyredon Velentzas; | ) | C/A No.  6:08-01011-MBS-WMC |
| | ) | |
| Jerry McSpadden, d/b/a Custom Business Solutions International, Ltd.; | ) | C/A No.  6:08-01012-MBS-WMC |
| | ) | |
| Raymond D. Cheely, Jr., and Douglas P. Gustafson; | ) | C/A No.  6:08-01013-MBS-WMC |
| | ) | |
| Gary A. Skillman and Gary Dean McInnis; | ) | C/A No.  6:08-01014-MBS-WMC |
| | ) | |
| Jerry C. Pendergrass; | ) | C/A No.  6:08-01015-MBS-WMC |
| | ) | |
| Michele Dee Shorthouse and Susan Brook; | ) | C/A No.  6:08-01016-MBS-WMC |
| | ) | |
| Christopher Andrew Phillips and Michael Segal; | ) | C/A No.  6:08-01017MBS-WMC |
| | ) | |
| Mohammed Farhad Khorrami; | ) | C/A No.  6:08-01018-MBS-WMC |
| | ) | |
| Kevin Joseph McKinley and Seamus Moley; | ) | C/A No.  6:08-01019-MBS-WMC |
| | ) | |
| Ronald C. Kline and Steven Keith Adair; | ) | C/A No.  6:08-01020-MBS-WMC |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg

proceeding *pro se*.[1]  Plaintiff filed the eleven (11) civil actions listed above as "class action"

_____

[1]  Riches is a well-known litigator in the federal courts, having filed more than 1,000 actions in various federal district and appellate courts since 2006.  *See* U.S. Party-Case Index, http://pacer.psc.uscourts.gov. ("Pacer") (showing 1,411 cases filed as of March  26, 2008.  Since December, 2007, Plaintiff has filed two hundred and twenty-one (221) cases, including the present action, with this Court.  Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

suits against a variety of defendants.   The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

## Pro Se Review

A review has been made of the *pro se* pleadings pursuant to the Prison Litigation Reform Act (PRLA).[3]   This review has also been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam).*   Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal.   The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

_____

[2] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] It is noted that Plaintiff inserted the phrase "Motion to Proceed In Forma Pauperis" at the bottom of Case Action Number (C/A No.) 6:08-01010-MBS-WMC.  However, Plaintiff failed to provide any financial information with the above complaints which could be used to evaluate his financial status. Typically, an order directing the prisoner to submit an Application to Proceed Without Prepayment of Fees and Costs (Form AO-240) and a Financial Certificate would be issued for each case.  *See* Procedures In Civil Actions Filed By Prisoner *Pro Se* Litigants, Misc. No. 3:07-mc-5014-JFA.  However, as Plaintiff is barred by the "three strikes" rule in the above actions from proceeding *in forma pauperis,* an order directing Plaintiff to submit an application to proceed without prepayment of the fees would be futile.

district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Plaintiff's claims in the above listed cases are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act.  This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation.  *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away.").  *See*

*Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[4]  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records).  *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).  In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee.  28 U.S.C. § 1915(g).  *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to  invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).  In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger."  *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.").  *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions

---

[4] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

4

of harm fail to raise a credible allegation of imminent danger). Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term"imminent danger" in nine (9) of the above captioned complaints. However, all of the complaints allege that Plaintiff has been threatened by the Defendants as follows:

**1.    *Riches v. Joseph Bonanno and Peter J. Bonanno*, C/A No. 6:08-01010-MBS-WMC**.

In this action, Plaintiff claims, "Plaintiffs are in imminent danger. Plaintiffs were in the teamsters union in 2002, but got out. Defendants still extort Plaintiffs for union dues. Defendants threatened to drown Plaintiffs in Lake Champlain if they don't pay dues. Plaintiffs seek a restraining order."

**2.    *Riches v.  Spyredon Velentzas*, C/A No. 6:08-01011-MBS-WMC**.

Plaintiff states, "Plaintiffs seek a restraining order against Spyredon. Defendant is head of the Greek mafia and has made threats against Plaintiffs. He said he is going to burry [sic] Plaintiffs at Kilington ski resort if Plaintiffs don't pay 10 thousand each. Plaintiffs face imminent danger."

**3.    *Riches v. Jerry McSpadden, d/b/a Custom Business Solutions International, Ltd.*, C/A No. 6:08-01012-MBS-WMC**.

In this case, Plaintiff claims, "Plaintiffs are in imminent danger. Defendant owns a health product website called www.AmericanLifestyle.com Plaintiffs own a simular [sic] site

www. American Lifestyle.org.  Plaintiffs have been recieving [sic] threats to shut their website down.  Defendants threaten Plaintiffs with poison.  Plaintiff's seek a restraining order."

**4.**    ***Riches v.  Raymond D. Cheely, Jr., and Douglas P. Gustafson*, C/A No. 6:08-01013-MBS-WMC**.

Plaintiff states, "Plaintiffs finances and credit are in defendants hands.  Defendants have been using Plaintiffs citibank and capital one credit cards without plaintiffs consent on 12-21-07, to purchase perscription [sic] drugs from Canada and smuggle them into Vermont.  Defendants also threaten plaintiffs with bodily harm.  Plaintiffs seek a restraining order."

**5.**    ***Riches v. Gary A. Skillman and Gary Dean McInnis*, C/A No. 6:08-01014-MBS-WMC**.

Plaintiff claims, "Plaintiffs face danger from Defendants.  Defendants are convicted felons who have a violent history.  Defendants are with the Pagan outlaw byclycle [sic] gang in Vermont.   Defendants stole plaintiffs identities to purchase bike parts and weapons.  Plaintiffs are in imminent danger and seek a restraining order."

**6.**    ***Riches v.  Jerry C. Pendergrass*, C/A No. 6:08-01015-MBS-WMC**.

Plaintiff states, "Plaintiffs seek a restraining order against Pendergrass.  Pendergrass worked for H&R Block Tax Writers in 2003 who handled Plaintiffs taxes, but skimmed some of the money and put it into a offshore account in the Cayman Islands.  Plaintiffs asked for the money back, but now Pendergrass is threatening Plaintiffs who are scared.  Pendergrass is a convicted felon.  Plaintiffs are also in imminent danger."

**7.**    ***Riches v. Michele Dee Shorthouse and Susan Brook*, C/A No. 6:08-01016-MBS-WMC**.

Plaintiff claims, "Plaintiffs seek a restraining order.   Defendant Shorthouse was convicted of Arson and now is threatening to burn defendants.  Brook is a ex-girlfriend of

Horne who is friends of Riches and Woods. Plaintiffs were poker players in 2002. Shorthouse has been stalking Defendants on each Plaintiffs criminal case. Plaintiffs are in imminent danger."

8.     ***Riches v. Christopher Andrew Phillips and Michael Segal***, **C/A No. 6:08-01017-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs seek a restraining order. Defendant was convicted of computer hacking. Now he entered the University of Vermonts computer and is using a Trojan Horse protoscript to send a computer virus to Plaintiff Scott and Williams computer. Defendant has been sending Riches threatening mail. Plaintiffs are in imminent danger."

9.     ***Riches v. Mohammed Farhad Khorrami***, **C/A No. 6:08-01018-MBS-WMC**.

Plaintiff claims, "Plaintiffs are members of the North east synagogue and operate a website thats service provider is based in Vermont. Earthlink.Khorrami is a screen name, his IP address is coming from Burlington. He has been making threats on Plaintiffs web site Jewishfaith.com. Plaintiff's told defendant to stop. Defendant issued a fatwa. Plaintiffs seek a restraining order. "

10.     ***Riches v. Kevin Joseph McKinley and Seamus Moley***, **C/A No. 6:08-01019-MBS-WMC**.

Plaintiff states, "Plaintiffs seek a restraining order. Defendants live in Burlington and have been sending Plaintiffs anti-semitic mail at Plaintiffs residence including FCI Williamsburg. Plaintiffs practice the Jewish faith. Defendants are a radical christian identity faith thats based in Idaho. Defendants are the leaders of the Vermont chapter. Defendants put fear in Plaintiffs. Plaintiffs are in imminent danger."

11.    *Riches v. Ronald C. Kline and Steven Keith Adair*, C/A No. 6:08-01020-MBS-WMC.

Plaintiff claims, "Plaintiffs seek a restraining order. Defendants set up a spamming program through AOL American Online on Windows XP and stole Plaintiff's personal information, using the information to open store cards with netbank, Ethan Allen, and Trade King brokerage accounts. Defendants are convicted computer hackers, who threatened Plaintiffs. Plaintiffs face imminent danger. Plaintiffs seek protection."

Although Plaintiff uses the term "imminent danger" in most of the above complaints, the pleadings fail to provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's vague assertions regarding the receipt of threats from many of the Defendants are insufficient to raise a credible claim of imminent danger. *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). As the instant complaints do not invoke the "imminent danger" exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases. The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

8

### Recommendation

Should Plaintiff fail to pay the filing fees as directed above, it is recommended that the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Plaintiff's attention is directed to the important notice on the next page.


April 2, 2008                                    s/William M. Catoe
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).